**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LISA F. HURT,
        **Plaintiff**
      v.                                                   Case No. 1:10-cv-353-HJW

MICHAEL J. ASTRUE,
**COMMISSIONER OF SOCIAL SECURITY**,

        **Defendant**

## ORDER

This matter is before the Court upon the plaintiff's complaint for judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying plaintiff's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") benefits. The Magistrate Judge entered a Report and Recommendation (doc. no. 14) recommending that the Commissioner's final decision be affirmed. Plaintiff filed objections (doc. no. 15), and the Commissioner responded (doc. no. 16). Upon *de novo* review of the record, including the parties' briefs and objections, the Court finds the Magistrate Judge's Report and Recommendation to be thorough and well-reasoned. Therefore, the Court will <u>overrule</u> the objections, <u>adopt</u> the Magistrate Judge's Report and Recommendation, and <u>affirm</u> the Commissioner's final decision for the following reasons:

**I.  Background and Procedural History**

The Report and Recommendation fully sets forth the relevant facts, and the pertinent facts need only be summarized here. Plaintiff was born in 1964, has a high school education and two years of college, lives with her boyfriend, and has past experience working as a bartender, customer service representative, deli worker,

and office worker (TR 20, 102, 219, 235, 261). In 2008, plaintiff was continuing to take college classes (TR 105, 139, 219, 259).

On December 23, 2005, plaintiff applied for disability benefits, alleging disability due to a back impairment ("spondylolisthesis"), and knee, elbow and shoulder pain.[1] Plaintiff alleged chronic lower back pain, but has had only conservative treatment and pain medication. Although plaintiff alleges an onset date of December 31, 2000, she did not stop working entirely until December 27, 2005 (TR 102, 259-260) and her medical records do not begin until 2003, when she was seen by her family physician (Dr. Hoyng) for some back pain after shoveling snow (TR 16). Examination revealed some tenderness and decreased range of motion, and she was given Motrin for her discomfort.

Plaintiff had some doctor visits in 2003-2004 for various complaints, including a visit for elbow pain ("pulled muscle") after lifting a two-gallon bucket of water, another visit for insect bites and "tennis elbow" after trimming bushes and trees, a visit for some elbow, chest and calf pain after working in the yard, and a visit for a strained ankle (TR 19, 178-84). In 2004, X-rays showed "very minimal" degenerative findings for the right shoulder joint and normal findings for the lumbar vertebra "without degenerative changes" (TR 19, 198). In 2005, plaintiff went to her family physician Dr. Carl Hoyng for prescription refills, and her exam was "normal" with no tenderness or decreased range of motion noted in her back (TR 172). In subsequent

---

[1]The Oxford English Dictionary defines "spondylolisthesis" as a condition involving forward displacement of the lowest lumbar vertebra.

visits in 2006-2008, plaintiff sought further refills for pain medication, although her exam results were largely unremarkable (TR 171, 214-216). State agency evaluators Drs. Michael Hartman and Paul Norton reviewed the medical records and provided RFC assessments indicating plaintiff was capable of light work within her restrictions (TR 199-212).

Plaintiff's self-reported daily activities include cooking, cleaning, doing laundry, taking care of her personal hygiene, making coffee, driving her car, shopping twice a week, running errands, performing yard work, caring for pets, managing her own finances, reading, painting, sewing, watching movies, talking on the phone daily with friends and family, and visiting them 2-3 times per week (TR 19, 117, 119, 122-126, 142-143).

Plaintiff's applications were denied initially and upon reconsideration. Upon plaintiff's request, an administrative law judge ("ALJ") held a hearing on August 18, 2008 (TR 256-267). Plaintiff was represented by counsel and testified at the hearing. The ALJ noted that plaintiff's medical records were sparse and lacked a persistent complaint. In order to develop the record further, the ALJ ordered a consulting physical examination and scheduled a supplemental hearing.

Consulting examiner Dr. William Smith, M.D., evaluated plaintiff in September 2008 (TR 220-225). He found "normal range of motion in the cervical spine, hips, knees, and ankles," a full range of motion in plaintiff's neck, shoulders, elbows, wrists, and fingers, and full strength and sensation in both upper extremities, with normal grasp, manipulation and fine coordination (TR 220, 222-225). He found only

"mild" restriction in range of motion of her lumbar spine with "no focal weakness" and "no focal neurologic deficit except for sensory changes on the left but no reflex loss" (TR 221).  He indicated that plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit up to 6 hours during a workday in 2 hour increments; walk up to 1 hour, in 15 minutes increments; and stand up to 15 minutes at a time and for 1 hour total (TR 225-227).  Based on his examination and the plaintiff's complaints of pain, he opined the plaintiff could perform sedentary work within her restrictions.

After counsel missed the next hearing (TR 270), the ALJ reset it for April 16, 2009.  On that date, the ALJ held a supplemental hearing at which a vocational expert ("VE") testified (TR 268-293).  Plaintiff, represented by counsel, also testified. During the hearing, counsel did not indicate that plaintiff wished to submit any further evidence, nor did counsel request the ALJ to keep the record "open" for any purpose.  In fact, counsel specifically advised the ALJ that he would <u>not</u> be submitting an RFC questionnaire from plaintiff's treating physician Dr. Hoyng.  The ALJ concluded the supplemental hearing (TR 293).

Subsequently, plaintiff's counsel sought and (on April 24, 2009) obtained a completed RFC questionnaire from another physician (Dr. Paul Martin), who plaintiff had seen once in 2004 and once in 2006.  According to plaintiff, Dr. Martin worked in Dr. Hoyng's office (TR 263).  On the RFC form, Dr. Martin wrote that the symptoms and limitations were "per history from patient."  He checked various limitations but opined that plaintiff could perform "low stress jobs" (TR  254).  Counsel FAXed this

form to the Commissioner on May 7, 2009, three weeks after the supplemental hearing had concluded (TR 251-255). On May 14, 2009, the ALJ issued a decision denying benefits (TR 14-21). The decision did not mention the post-hearing evidence submitted by counsel.

The ALJ found that at step two, plaintiff had shown ("barely") severe impairments of lumbar spondylolisthesis (the back impairment) and left lateral epicondylitis (also known as "tennis elbow"), but that these impairments, alone or in combination, did not meet any listing (TR 16-17 at Findings 3, 4). The ALJ found that plaintiff was able to perform a range of sedentary work within her restrictions, including her past work as a customer service representative (TR 17-20, Findings 5, 6). In addition, given plaintiff's RFC and vocational profile, the ALJ relied upon the VE's testimony to find that plaintiff could perform other sedentary jobs, such as telemarketer (2,116 positions regionally), "production, planning, and expediting" jobs (704 jobs regionally), and general clerk (3,417 positions regionally) (TR 20). The Appeals Council noted receipt of the post-hearing evidence, but denied further review, thus making the ALJ's decision the Commissioner's final decision (TR 6-9).[2]

Plaintiff sought judicial review, alleging that: 1) the ALJ should have considered the post-hearing RFC form by Dr. Martin, who counsel characterizes as

---

[2]When the Appeals Council considers new evidence but denies review, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R. § 404.955. The regulations provide that the Court must review the ALJ's decision, not the denial of review by the Appeals Council. 20 C.F.R. § 404.970(b). Hence, Dr. Martin's form is not a part of the record for purposes of substantial evidence review. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996).

a "treating physician;" 2) absent consideration of this evidence, the ALJ did not properly weigh the medical evidence, plaintiff's credibility, and subjective complaints of pain; and 3) the ALJ erred in finding that plaintiff was capable of performing her past work as a customer service representative because plaintiff performed such job at the "light" not "sedentary" exertional level (doc. no. 5).[3]

The Commissioner responded that the plaintiff's procedural argument (that the ALJ was required to accept the post-hearing evidence) is legally inaccurate (doc. no. 12). The Commissioner explained that pursuant to 20 C.F.R. § 404.944, the ALJ had discretion to "reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence." The Commissioner also asserted that Dr. Martin did not have a sufficient ongoing relationship to accurately be deemed a "treating physician" and that Dr. Martin's RFC opinion was inconsistent with his own treatment notes and the medical evidence as a whole (doc. no. 12 at 13). The Commissioner also asserted that the ALJ's credibility determination and VE's testimony were proper.

The Magistrate Judge considered these arguments and recommended that the Commissioner's final decision was supported by substantial evidence and should be affirmed (doc. no. 14). The Magistrate Judge also recommended that remand pursuant to "sentence six" of § 405(g) was not warranted.

Plaintiff filed objections, arguing that the Magistrate Judge "erred" in failing

---

[3]Plaintiff gave no testimony regarding this at the hearings and did not object to the Magistrate Judge's recommended rejection of this argument.

to find that "evidence may be submitted to an ALJ at any time before the ALJ issues a decision" (doc. no. 15 at 4). On the premise that the ALJ was required to accept evidence submitted prior to the date of decision, plaintiff further argued that this post-hearing evidence would have affected the ALJ's weighing of the medical evidence, plaintiff's credibility, and the RFC findings. Plaintiff contends that the Court should award benefits, or alternatively, reverse and remand pursuant to sentence four of 42 U.S.C. § 405(g).

The Commissioner responded that the Magistrate Judge correctly recommended that the ALJ had discretion whether to reopen the hearing to receive "new and material" evidence. The Commissioner pointed out that the evidence was not new or material, and that Dr. Martin's assessment was so deficient that the ALJ could properly decline to reopen the hearing for such evidence (doc. no. 16 at 5). The Commissioner asserts that plaintiff is not entitled to an award of benefits, that the final decision should be affirmed, and that a "sentence six" remand is not warranted.

II. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); White v. Comm'r of Soc. Sec., 572 F.3d 272, 281 (6th Cir. 2009). The ALJ's decision must be affirmed if the Court finds that the decision is supported by substantial evidence in the record as a whole. Kirk v. Sec. of H.H.S., 667 F.2d 524,

536 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson, 402 U.S. at 401).  The ALJ's decision may not be reversed merely because substantial evidence might support a different decision.  Casey v. Sec. of H.H.S., 987 F.2d 1230, 1233 (6th Cir. 1993). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. 42 U.S.C. § 405(g).

### III.  Discussion

### A.  Whether the ALJ Had Discretion to Reopen the Hearing to Receive New Evidence

The main issue before this Court is a procedural one:  whether the ALJ was required to accept post-hearing evidence that plaintiff's counsel FAXed to the Commissioner shortly before the ALJ's decision was issued (as plaintiff urges) or whether the regulations give the ALJ discretion to reopen the hearing to receive "new and material" evidence (as the Commissioner asserts and the Magistrate Judge recommends).  Central to this inquiry is whether the hearing closed when the supplemental hearing concluded or whether the hearing remained "open" up to the date of decision (as plaintiff argues).

Contrary to plaintiff's suggestion, the regulations envision that claimants will generally submit their evidence in time for consideration at the hearing.  See 20 C.F.R. § 404.935 (providing that evidence that the claimant wishes to have

considered "should be submitted to the administrative law judge with the request for hearing or within 10 days after filing the request"). The Social Security Administration's website advises claimants to "[m]ake sure that any new or updated medical evidence you want considered has been submitted before the date of the hearing by either you or your representative (the earlier the better)." (See www.ssa.gov/appeals/hearing_process).

Here, the ALJ held a hearing, recessed to obtain further evidence, and then held a supplemental hearing. Although plaintiff contends that the ALJ "did not close the record" at the conclusion of the supplemental hearing (doc. no. 15 at 4), the record does not substantiate this. The transcript indicates the supplemental hearing concluded on April 16, 2009 (TR 293), and the ALJ did not indicate he was leaving the hearing "open" for submission of additional evidence or any other reason. Plaintiff cites no binding authority for the proposition that the ALJ had to expressly state that the supplemental hearing was "closed" at its conclusion.

The facts simply do not support plaintiff's contention that the hearing was "left open" after the conclusion of the supplemental hearing. During that hearing, the ALJ pointed out that plaintiff had not submitted an assessment by treating physician Dr. Hoyng. The ALJ specifically asked counsel about this (TR 287), and counsel indicated that Dr. Hoyng "only sees her every six months or so. . . he's just a family doctor" and advised that this treating physician would not be providing an assessment (TR 287). Plaintiff's counsel did not inform the ALJ that he wished to submit any other evidence, nor did counsel request the ALJ to keep the hearing

"open" for any purpose. The supplemental hearing concluded, and logically, the record closed at that time. The ALJ had adequately developed the record, which included RFC assessments by the state agency physicians and consulting examiner. Plaintiff had ample time to obtain an RFC opinion from plaintiff's doctor prior to the hearings, but did not do so.[4] Of course, the claimant bears the burden of proving the existence of disability through the fourth step, as defined by 42 U.S.C. § 423(d)(1)(A). See Casey, 987 F.2d at 1233.

Subsequently, counsel obtained and FAXed a document to the Commissioner on May 7, 2009, three weeks after the conclusion of the supplemental hearing. Although plaintiff urges that the ALJ was <u>required</u> to accept this post-hearing evidence, plaintiff's interpretation is contrary to the language of 20 C.F.R. § 404.944, which explains:

> At the hearing, the administrative law judge looks fully into the issues, questions you and the other witnesses, and accepts as evidence any documents that are material to the issues. The administrative law judge may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing. The administrative law judge may also reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence. The administrative law judge may decide when the evidence will be presented and when the issues will be discussed.

As the Commissioner and Magistrate Judge correctly point out, the regulations

---

[4] It is not surprising that counsel did not obtain an RFC opinion from Dr. Hoyng. After the ALJ observed that the physician's notes were "limited" and that the "nature of [plaintiff 's] problem changes from visit to visit," counsel conceded that Dr. Hoyng's treatment notes indicated "nothing startling" (TR 264).

specifically provide that the ALJ has discretion to "reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence." 20 C.F.R. §§ 404.944, 416.1444.

In the objections, plaintiff cites a case from another circuit, McClesky v. Comm'r of Soc. Sec., 606 F.3d 351 (7th Cir. 2010), for the proposition that the Magistrate Judge erred "when she failed to find that evidence may be submitted to an ALJ at any time before the ALJ issues his or her decision" (doc. no. 15 at 4).[5] Plaintiff misconstrues the holding of McClesky, as that opinion specifically acknowledged that the ALJ's decision to reopen the hearing to receive new and material post-hearing evidence was "indeed discretionary" under the regulations. Id. at 353-354. In other words, the plaintiff can submit post-hearing evidence, but the ALJ has discretion to reopen the hearing to receive "new and material" evidence. The McClesky decision does not support plaintiff's contention that the ALJ was "required" to reopen the hearing merely because plaintiff had submitted some post-hearing evidence.

Plaintiff seizes upon some language in McClesky where the court observed that the Commissioner's website suggests that claimants should submit any post-hearing evidence "as soon as possible." However, the McClesky decision does not stand for the proposition argued by plaintiff (i.e. that if plaintiff submitted post-hearing evidence before the ALJ issued a decision, the ALJ had to accept it). The McClesky court indicated "we need not decide whether it would have been an abuse

---

[5]The question is whether the ALJ erred, not the Magistrate Judge.

of discretion for [the ALJ] to refuse to consider the post-hearing evidence, since she did consider it." Id. at 355. Plaintiff's mischaracterization of the McClesky decision does not provide a basis to ignore the plain language of the applicable regulations. 20 C.F.R. §§ 404.944, 416.1444.

The fact that the present ALJ did not reopen the hearing to receive Dr. Martin's form did not amount to an abuse of discretion under the circumstances of this case. Counsel waited several years after plaintiff's last visit to Dr. Martin in 2006 (and until after the supplemental hearing concluded) to seek an opinion regarding plaintiff's abilities. The evidence was "new" only in the sense that it was newly-generated. Plaintiff last saw Dr. Martin in 2006 and could have requested a doctor's opinion long before the administrative hearings. Plaintiff provided no reason for waiting so long.

The Commissioner and Magistrate Judge also point out that, given the deficiencies and inconsistencies in Dr. Martin's form, the ALJ could properly decline to reopen the hearing. Dr. Martin, who had last seen plaintiff in 2006, noted that his description of symptoms and limitations were "per history from patient" (TR 254), and thus, the limitations he checked off on the form were largely based on plaintiff's self-reported complaints. The restrictions Dr. Martin checked on the RFC form were not consistent with his own findings from the 2004 and 2006 visits (TR 252-254). For example, in plaintiff's 2004 visit, Dr. Martin noted "tennis elbow" from "working in the yard," but no back problems (TR 179). In the 2006 visit, Dr. Martin noted plaintiff's complaint of left back pain, but found only some decreased range of motion and right shoulder tendonitis based on an x-ray that showed "very minimal degenerative

findings"(TR 197).  Otherwise, plaintiff's neurological exam was normal, she walked normally, and he prescribed Motrin (TR 197).

Plaintiff ignores all of this, and instead, urges that it was "reversible error" for the ALJ not to give good reasons for rejecting the opinion of a "treating physician" and that the Court must therefore order a "sentence four" remand.  Plaintiff's argument is based on the faulty assumptions that 1) the record was "left open" after the supplemental hearing concluded, and thus, the ALJ had no discretion whether to accept the post-hearing evidence; and 2) that Dr. Martin was a "treating physician."  The first premise has already been discussed and found meritless.  Under the plain language of the regulations, the ALJ did not leave the record open, had discretion whether to reopen the hearing to receive new and material post-hearing evidence, and properly exercised that discretion.

As to whether Dr. Martin was a "treating physician," it is questionable whether Dr. Martin can accurately be deemed a "treating source." To qualify as a treating source, a physician must have "examined the claimant ... [and have] an 'ongoing treatment relationship' with [the claimant] consistent with accepted medical practice." Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007) (quoting 20 C.F.R. § 404.1502).  The rationale for the rule is that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." Blakley v. Comm'r of Soc. Sec., 581

**F.3d 399, 406 (6th Cir. 2009)(quoting 20 C.F.R. § 404.1527(d)(2)).**

**Here, the record does not reflect that Dr. Martin had an "ongoing treatment relationship" with plaintiff. As the Magistrate Judge pointed out, the medical records reflect only two visits by plaintiff to Dr. Martin, on April 21, 2004, and October 10, 2006 (doc. no. 14, citing TR 179, 197). Plaintiff testified that although Dr. Martin worked in the same office as Dr. Hoyng, her regular doctor was Dr. Hoyng (TR 263). To the extent plaintiff now seeks to characterize Dr. Martin as a "treating" source, the Magistrate Judge aptly pointed out that the plaintiff consistently named Dr. Hoyng as her primary health care provider on her disability applications and did not even list Dr. Martin as her doctor (doc. no. 14 at 19, citing TR 104-105, 118-119, 130-131, 158-159, 165-168).**

**Plaintiff characterizes Dr. Martin as a treating source in an effort to obtain the benefit of the treating physician rule, at 20 C.F.R. §§ 404.1527, 416.927, which requires the ALJ to give "good reasons" for rejecting a treating source opinion. See <u>Wilson v. Comm'r of Soc. Sec.</u>, 378 F.3d 541 (6th Cir. 2004) (failure to give good reasons may be grounds for reversal even if the decision was otherwise supported by substantial evidence). However, it is not necessary to resolve whether Dr. Martin was actually a "treating physician." The treating physician rule would apply to evidence of record that was properly before the ALJ. Here, the ALJ did not reopen the hearing to receive the post-hearing evidence, and such decision was not an abuse of discretion under the circumstances of this case.**

**B. Whether "Sentence Six" Remand is Warranted**

The Court agrees with the Magistrate Judge's recommendation that the post-hearing evidence does not provide grounds for remand. Sentence six of 42 U.S.C. § 405(g) provides that the court may "order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ." 42 U.S.C. § 405(g); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Evidence is "new" only if it was not in existence or available to the plaintiff at the time of the administrative proceeding. Id. (citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). Evidence is "material" if there is a reasonable probability that the Commissioner would have reached a different decision based on that evidence. Sizemore v. Secretary of H.H.S., 865 F.2d 709, 711 (6th Cir. 1988).

Plaintiff has not shown that the evidence is "new or material," nor has plaintiff shown good cause for failing to incorporate it into the record in the prior proceeding. See Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993). "The claimant must give a valid reason for failing to obtain relevant examinations prior to the hearing." Id. Plaintiff has not done so. Dr. Martin's opinion would not have changed the ALJ's decision, as the opinion was not supported by objective medical findings and was inconsistent with the medical evidence as a whole.

**C.  Whether an Award of Benefits is Warranted**

Plaintiff urges the Court to reverse the Commissioner's final decision and award benefits. Benefits may be awarded when all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to

benefits. Faucher v. Secretary of Health & Human Servs., 17 F.3d 171, 175-76 (6th Cir. 1994).  A court may award benefits only where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming.  Id.; Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994);  Abbott v. Sullivan, 905 F.2d 918, 927 (6th Cir. 1990).  Here, the evidence of disability is not "strong," much less "overwhelming."  The record falls quite short of establishing any entitlement to benefits by plaintiff.

IV.  Conclusion

The Court has carefully reviewed plaintiff's objections and finds them lacking in merit.  The Court agrees with the Magistrate Judge's recommendations, including the conclusion that the Commissioner's final decision is well-supported by substantial evidence.

Accordingly, the Court OVERRULES the plaintiff's objections, ADOPTS the Report and Recommendation, and AFFIRMS the final decision of the Commissioner; this case is DISMISSED and TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                                   s/Herman J. Weber  
                                Herman J. Weber, Senior Judge  
                                United States District Court